UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GLADSTONE GORDON,

                             Plaintiff,

    -against-

GENERAL PROPERTY MANAGEMENT
ASSOCIATES, INC., and 124 WEST 24TH STREET
CONDOMINIUM,

                            Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**Docket No.: 19-cv-8107**

**Jury Trial Demanded**

       GLADSTONE GORDON ("Plaintiff"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against GENERAL PROPERTY MANAGEMENT ASSOCIATES, INC. ("GPM"), and 124 WEST 24TH STREET CONDOMINIUM ("124") (collectively, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

       1.     This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 141-1.4; (iii) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); and (iv) any other claims that can be inferred from the facts set forth herein.

2.     Plaintiff worked for Defendants - - a cooperative apartment building and its managing agent that together operate the residential cooperative apartment building located at 124 West 24th Street, New York, New York 10011, in which Plaintiff worked (hereinafter as "the Building") - - as a non-live-in superintendent, for Defendant 124 from in or around June 2007, and for Defendants collectively from in or around October 2012 - - which is when Defendant GPM took over property management for the Building - - through November 25, 2018.

3.     On July 3, 2019, Plaintiff and Defendants executed a written agreement that operated to toll the statute of limitations for all of Plaintiff's claims alleged herein from April 25, 2019 through August 31, 2019.

4.     Thus, as described below, throughout the entirety of his employment, but as is relevant herein due to the operation of the tolling agreement, from at least April 25, 2013 through November 25, 2018, the day on which Plaintiff took unpaid disability leave and the last day that he performed work for Defendants ("the Relevant Period"), Defendants failed to pay Plaintiff the wages lawfully due to him under the FLSA, the NYLL, and the NYCRR.  Specifically, during the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours each week, yet Defendants failed to compensate Plaintiff at the rate of one and one-half times his regular rate of pay for all hours that Plaintiff worked in excess of forty in a week. Instead, Defendants paid Plaintiff a flat weekly wage that operated to cover only the first forty hours that he worked in a week, and thus Defendants failed to compensate Plaintiff at any rate of pay, let alone at the statutorily-required overtime rate of one and one-half times his regular rate of pay for any hours that Plaintiff worked in excess of forty in a week, in violation of the FLSA, the NYLL, and the NYCRR.

5. Additionally, in further violation of the NYLL, throughout the Relevant Period, Defendants failed to issue Plaintiff accurate wage statements on each payday.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8. Throughout the Relevant Period, Plaintiff worked for Defendants at the Building in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9. Throughout the Relevant Period, Defendant GPM was (and is) a New York corporation, with its principal place of business located at 250 West 57th Street, New York, New York 10107.

10. Throughout the Relevant Period, Defendant 124 was (and is) a residential condominium complex, located at 124 West 24th Street, New York, New York 10011, which is managed by a board of managers.

11. Throughout the Relevant Period, both Defendants were Plaintiff's employers within the meaning of the FLSA, the NYLL, and the NYCRR, as they jointly managed the Building and together managed, directed, and oversaw Plaintiff's job duties and responsibilities. In that respect, Defendants collectively made all personnel decisions with respect to Plaintiff, as

Defendant 124 hired Plaintiff and set forth his job duties, hours, and pay, while Defendant GPM oversaw Plaintiff's work on a daily basis, and Defendants collectively issued to Plaintiff his paychecks.  Additionally, the qualifying annual business of Defendants during the Relevant Period, either separately or together, exceeded $500,000, and Defendants were engaged in interstate commerce within the meaning of the FLSA as Defendants jointly employed at least two employees, bought and used materials such as cleaning supplies and tools that naturally moved across state lines, and hired and coordinated with outside vendors that travelled across state lines to perform work within the Building, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## **BACKGROUND FACTS**

12. Plaintiff worked as a non-live-in superintendent at the Building located at 124 West 24th Street, New York, New York, for Defendant 124 from in or around June 2007, and for Defendants collectively beginning from in or around October 2012, until November 25, 2018, the date on which Plaintiff went out on disability leave and stopped performing work for Defendants. Indeed, throughout his employment, and at least during the Relevant Period, Plaintiff did not reside in the Building.

13. During the Relevant Period, Defendants GPM and 124 operated, in effect, as a single enterprise to together manage the Building.  In that respect, both Defendants paid Plaintiff. Moreover, Petra Scott, a GPM manager, oversaw Plaintiff's day-to-day activities, while Dixie Sheridan, a member of Defendant 124's board of managers, assigned to Plaintiff his job duties and responsibilities.

14. As a non-live-in superintendent, Plaintiff's duties included, but were not limited to: ensuring that the Building was maintained at a temperature of sixty-five degrees during the day

and sixty degrees from 10:00 p.m. to 6:00 a.m.; inspecting and cleaning the elevator, motors, pumps, and other mechanical equipment in the Building; checking the water cutoffs and pop safety valves for leakage and corrosion; maintaining the Building's walkways, including sweeping and washing, and shoveling snow during the winter; cleaning the lobby daily; removing trash and recycling twice a week and ensuring that trash receptacles were covered and secured; mopping, sweeping, and vacuuming each of the six floors; cleaning the walls in the hallways and other common areas once a month; routinely inspecting all light fixtures in the Building; bringing packages to residents' apartments; inspecting the roof, drains, and gutters weekly and after a rain storm for water damage and/or leaks; checking the roof, public hallways, and stairwells weekly to ensure that they were clear of fire hazards or obstructions; and responding to tenants' complaints or requests

15. Throughout the Relevant Period, Defendants scheduled and required Plaintiff to work, and Plaintiff did work, from 8:00 a.m. to 5:00 p.m. on Monday through Friday, with a half-hour break each day, and from 9:00 a.m. to 4:00 p.m. on Saturdays without a break, for a total of forty-nine and one-half hours per week. This was Plaintiff's schedule throughout the Relevant Period.

16. In exchange for his work, throughout the Relevant Period, as reflected on his pay stubs, Defendants together paid Plaintiff a flat salary of $1,040.00 per week, which was meant to and operated by law to cover only his first forty hours of work per week, and which amounts to a regular rate of $26.00 per hour.

17. Throughout the Relevant Period, Defendants did not pay Plaintiff at any rate of pay, and at the least, not at his overtime rate of time and one-half his regular rate of pay, for any hours that Plaintiff worked over forty in a week.

18. Defendants paid Plaintiff on a weekly basis.

19. On each occasion when Defendants paid Plaintiff during the Relevant Period, Defendants did not furnish Plaintiff with a wage statement that accurately listed, *inter alia*, the amount of hours that Plaintiff worked per week, or his overtime rate of pay for each hour that he worked in excess of forty per week.

20. Defendants acted in the manner described herein so as to minimize their labor costs and overhead.

21. Each hour that Plaintiff worked was for Defendants' benefit.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

22. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

23. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

24. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

25. As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

26. Defendants willfully violated the FLSA.

27. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his regular rate of pay.

28. Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the NYLL and NYCRR*

29. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30. NYLL § 160 and 12 NYCRR § 141-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

31. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCRR.

32. As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff in accordance with the NYLL's and the NYCRR's overtime provisions.

33. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his regular rate of pay.

34. Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

35. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

7

37. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

38. As also described above, Defendants, on each payday, failed to furnish Plaintiff with wage statements that accurately contained all of the criteria required under the NYLL.

39. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff in the amount of $100.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00.

40. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff in the amount of $250.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

## **DEMAND FOR A JURY TRIAL**

41. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. An order restraining Defendants from any retaliation against Plaintiff for participating in any form of this litigation;

c. All damages that Plaintiff has sustained as a result of Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff would have received but for Defendants' unlawful payment practices;

    d.    Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

    e.    Awarding Plaintiff his reasonable attorneys' fees, as well as his costs and disbursements incurred in connection with this action, including expert witness fees and other costs;

    f.    Pre-judgment and post-judgment interest, as provided by law; and

    g.    Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
       August 29, 2019

                                  Respectfully submitted,
                                  BORRELLI & ASSOCIATES, P.L.L.C.
                                  *Attorneys for Plaintiff*
                                  910 Franklin Avenue, Suite 200
                                  Garden City, New York 11530
                                  Tel. (516) 248-5550
                                  Fax. (516) 248-6027

                By:    _____
                           ALEXANDER T. COLEMAN, ESQ. (AC 1717)
                           MICHAEL J. BORRELLI, ESQ. (MB 8533)